In the Matter of Disciplinary Proceedings Against
Mel J. Cyrak, Attorney at Law.

Supreme Court

*No. 84–1748–D. Filed June 24, 1985.*
(Also reported in 369 N.W.2d 708.)

PER CURIAM. *Attorney disciplinary proceeding; complaint dismissed.*

The referee recommended the dismissal of the complaint in this disciplinary proceeding alleging that Attorney Mel J. Cyrak continued to engage in the practice of law following the suspension of his license for failure to pay bar association dues and that he failed to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation of the matter. The referee's recommendation was based on his conclusions that the suspension of Attorney Cyrak's license to practice law was void because the State Bar of Wisconsin had not given him adequate notice of the dues delinquency and that Attorney Cyrak's informing the Board that a disputed fee matter was pending before a fee arbitration committee and that efforts were continuing to resolve the matter rendered any failure by Attorney Cyrak to cooperate with the Board's investigation "not material."

The facts were not disputed, and we accept the referee's conclusions and agree that the Board's complaint in this matter be dismissed.

Attorney Cyrak was admitted to practice in Wisconsin in 1972, and practiced in Madison until moving to Texas in 1984. The state bar suspended Attorney Cyrak from membership in the association in November, 1980, for his failure to pay association dues for the 1981 fiscal year. This suspension was made pursuant to SCR 10.03 (6), which provides:

"PENALTY FOR NONPAYMENT OF DUES. If the annual dues of any member remain unpaid 120 days after the payment is due, the membership of the member may be suspended in the manner provided in the bylaws; and no person whose membership is so suspended for nonpayment of dues may practice law during the period of the suspension."

That suspension continued until October, 1983, when Attorney Cyrak was reinstated to membership in the association upon his payment of delinquent dues for the fiscal years 1981 through 1984, plus a $20 penalty.

The referee found that, although the state bar's procedure during the relevant period concerning the payment of dues included the mailing of four dues statements or notices of delinquencies and a notice of suspension to delinquent members, the state bar kept no records showing that any of the mailings were in fact made and kept no records of mailings that had been returned to the association following non-delivery. Consequently, an attorney could have been suspended for nonpayment of dues without being notified of the suspension or otherwise learning of it. In this case, the state bar had no record that a suspension notice had been sent to Attorney Cyrak, and it was not able to state with assurance that the second, third or fourth notices for the payment of dues were sent to him.

Attorney Cyrak continued to practice law following the "suspension" and until reinstatement, during which time he appeared in almost all branches of circuit court for Dane county and collected fees for services rendered to clients during that period. Attorney Cyrak testified that he did not receive the third dues notice for the 1980 fiscal year and had no knowledge of the suspension until October, 1983, when he learned of it from another attorney. Attorney Cyrak also testified that during the time when the second dues notice was mailed to delinquent members, he suffered the loss of a son and a sister and, in order to deal with his personal problems, he put aside business matters except to attend to his clients.

Upon learning of his suspension, Attorney Cyrak telephoned the state bar, asked the status of his license and was told that he had been suspended. He thereupon paid the delinquent dues and the penalty, and he was reinstated automatically.

In its complaint, the Board alleged specifically that from August, 1980, through August, 1982, Attorney Cyrak represented a woman in a divorce proceeding, which resulted in a court-approved stipulation providing for the payment to Attorney Cyrak of $12,000 in attorney fees and disbursements in the divorce action. The Board also alleged that all contracts of employment between Attorney Cyrak and his clients during the period of his suspension were void pursuant to SCR 11.01(2) and that all fees earned during that period, including the fees for his services in the divorce matter, were illegal under SCR 20.12(1).[1]

One year after the divorce judgment, a grievance was filed with the Board claiming that Attorney Cyrak had neglected to conclude the divorce matter and failed to account for the $12,000. The Board notified Attorney Cyrak of the grievance, requesting a response within 20 days. Attorney Cyrak was granted an extension of time to respond for the reason that the substance of the complaint was then under consideration by a fee arbitration committee of the state bar.

---

[1] The divorce client sought to intervene in the disciplinary proceeding in order to present her position that Attorney Cyrak was not entitled to the fees she paid him because he was not licensed to practice law during much of the time he represented her. The referee and, subsequently, the court denied intervention. Justice Abrahamson stated in the court's December 27, 1984 order that she would file a statement with respect to the right of a client alleged to have been injured by the misconduct of an attorney and seeking damages to be heard in a disciplinary proceeding in which that attorney is the respondent. That statement is included in Justice Abrahamson's concurring opinion in *Disciplinary Proceedings Against Guenther*, 124 Wis. 2d 476, opinion filed contemporaneously with this opinion. Here, the referee concluded that Attorney Cyrak was entitled to the fees because his license suspension was invalid, thereby rendering moot the issue of the validity of fees charged for services rendered during the period of suspension.

Attorney Cyrak wrote to the Board on the last day of the extension period, stating that the fee matter was before the committee and that he had met with the complaining attorney four times during the preceding three weeks in an attempt to resolve the matter. The Board subsequently notified Attorney Cyrak that his response was insufficient because it failed to address aspects of his representation other than the fee dispute. Attorney Cyrak contacted Board staff on the day he received that letter and agreed to supply the required information by January 16, 1984, whereupon he was told that a member of the Board staff would meet with him on January 24 or 25 to discuss the matter. On January 25, 1984, the Board referred the matter to the district professional responsibility for investigation.

The referee concluded that the state bar's suspension order of November 17, 1980, was void for the reason that Attorney Cyrak had not received proper notice of his delinquency in paying bar dues and that Attorney Cyrak, by practicing law while his license was suspended by the state bar for nonpayment of dues, did not violate SCR 20.18, which prohibits the unauthorized practice of law, or SCR 11.01, which renders void any contract of professional employment obtained in violation of the Code of Attorneys Professional Responsibility, SCR chapter 20. The referee also concluded that Attorney Cyrak had been properly retained by the divorce client prior to that suspension. Finally, the referee concluded that Attorney Cyrak did not violate SCR 22.07 (2), requiring an attorney to cooperate in a Board investigation of alleged misconduct, because any failure to cooperate was "not material" since the grievance was being considered simultaneously by the fee arbitration committee of the state bar.

We accept the referee's findings of fact and conclusions of law, and we agree that the complaint in this matter be dismissed.

We note that state bar staff testified that the association has modified its procedure concerning nonpayment of dues and now keeps records of the mailing of dues statements and notices of delinquencies, as well as notices of attorney suspensions for nonpayment of dues. While these revised procedures are helpful, it is unnecessary that an attorney licensed to practice law in Wisconsin be formally notified of a failure to timely pay bar association dues. Every Wisconsin attorney learns upon admission to the bar that annual association dues are to be paid at the beginning of each fiscal year. This requirement is set forth in the court's rules, SCR chapter 10, and in the state bar bylaws, published as an appendix to SCR chapter 10. Consequently, it will henceforth not be necessary that the state bar prove it has mailed notices of delinquencies to its members who have not timely paid annual dues.

This is not the case, however, with notices of suspension for nonpayment of dues. Because a suspension affects the attorney's right to practice law, it is essential that the state bar mail notice of the suspension to the suspended attorney at his or her address of record with the state bar and be able to prove that notice of the suspension has been sent to the suspended member.

IT IS ORDERED that the complaint in this disciplinary proceeding is dismissed.